## MARTIN *v*. McLAUGHLIN,

*(Supreme Court of Colorado, December term, 1880—Appeal from Lake County Court.)*

RIGHT OF ACTION. Whether the consignor or consignee is entitled to action against a common carrier upon a liability incurred in the shipment of goods, depends as well upon the terms of the contract as to purchase or order and shipment between such consignor and consignee, and the contract with the carrier, as upon any general rule of law.

DEMURRER. An averment of ownership by consignor, supported by sufficient evidence, will sustain an action for breach of contract in the carriage of goods, and a complaint by consignor against such carrier, averring ownership in himself, is good on demurrer.

STONE, J. The only question brought up by the record in this case is the sufficiency of the amended complaint in the cause, which, as set out in the record, is as follows:

" The plaintiff, complaining of the defendant, alleges:

" *First*—That at the times hereinafter mentioned, the defendant was a common carrier of goods for hire between the places hereinafter named.

" *Second*—That on, to wit: the 21st day of December, A. D. 1878, the Denver, South Park and Pacific Railroad Company, a corporation engaged as a common carrier of goods for hire, between the city of Denver, in the state of Colorado, and a station in said state called or known as Grant, at or near the end of said railroad company's track, delivered to the defendant certain goods, the property of the plaintiff, to wit: 92 cans select oysters, 29 cans "A Booth" oysters, 34 cans "Anchor" oysters, 910 pounds dressed turkeys, 519 pounds dressed chickens, seven dozen undressed quails, three dozen undressed grouse, twenty-one pounds dressed ducks, of aggregate value of three hundred and twenty-nine dollars and forty-four cents, ($329.44), and the defendant as such common carrier received the same at the aforesaid station of Grant, to be by him safely carried to the town of Leadville, in the county of Lake, and state of Colorado, and delivered to one Joseph McCarter, the consignee thereof, for a reasonable reward to be paid by the said Joseph McCarter, the said goods having been shipped to him as a purchaser thereof.

" *Third*—That the said defendant did not safely carry and deliver said goods as aforesaid, but carried the same to the said town of Leadville, and tendered them to said consignee, who re-

39

fused to receive or accept the same or any part thereof, and thereupon the said defendant did on, to wit: the 25th day of December, A. D. 1878, sell and dispose of said goods and appropriate the money received therefor to his own use and benefit, without having first notified the owner and consignor, the plaintiff herein, (although he well knew the said consignor and where he lived), that the freight on said goods was unpaid, and without having given twenty days notice of the time and place of sale of said goods to the owner and consignor, or to the consignee thereof, and without having published said notice in a daily or weekly newspaper published where said sale was to have taken place.

"*Fourth*— That the defendant so sold and disposed of said goods and appropriated the proceeds as aforesaid, without first having given the owner and consignor, or the consignee thereof, his or their agent, notice of his intent so to do twenty-four hours before said sale was to have taken place, and that said consignee did live at the place or town where said goods were sold, and that the defendant did not sell said goods or any part thereof at public auction to the highest and best bidder, and did not sell the same or any part thereof, for the best price that could reasonably have been obtained in the market where they were sold, and at the time they were sold, and that said defendant did not dispose of the proceeds of said sale as provided for in section 1865, of the General Laws of the state of Colorado. Wherefore plaintiff demands judgment against the defendant for the sum of three hundred and twenty-nine dollars and forty-four cents, and the interest on the same from the 25th day of December, A. D. 1878, at the rate of ten per cent. per annum."

To this complaint a demurrer was interposed by the appellee, which is as follows:

"The said defendant demurring to the amended complaint of the plaintiff, and for cause of demurrer, shows that said complaint does not contain sufficient facts to constitute a cause of action, because:

"*First*—As shown by the complaint, the title to the goods, and the sole right to sue for any injury thereto, or conversion thereof, was vested in the purchaser and consignee of said goods.

"*Second*—After purchase by the consignee and delivery to the carrier, the plaintiff had no control over the goods, other than a right of stoppage *in transitu*, which he did not exercise.

"*Third*—The complaint states a cause of action by the plaintiff against the consignee only. The consignee became liable to the plaintiff when the goods were delivered to the carrier, and had the sole right to authorize, permit or sue for their conversion by defendant."

This demurrer was sustained by the county court, and judgment rendered accordingly, plaintiff electing to stand by his complaint.

The judgment of the court in sustaining the demurrer was excepted to and is assigned for error.

We think the exception is well taken. The complaint, in each of the second, third and fourth paragraphs, expressly avers ownership of the property in the plaintiff. The truth of these averments is a matter to be determined from the evidence, upon an issue made by proper denials or averments in defense. As to whether the consignor or the consignee is entitled to an action against a common carrier upon a liability incurred in the shipment of goods, depends as well upon the terms of the contract as to purchase or order and shipment between such consignor and consignee, and the contract with the carrier, as upon any general rule of law. Presumptively, the general owner, or the one in whom the property in the goods is vested at the time the right of action accrues, is entitled to sue upon breach of the contract of carriage. Angell on Carriers, Tit., Parties to Sue.

The truth of the allegations in the complaint being admitted by the demurrer, there was certainly a cause of action presented by the plaintiff, and the demurrer, was wrongly sustained. For the error of the court below in this respect, the judgment must be reversed, and the cause remanded. *Judgment reversed.*

*R. B. Carpenter* and *D. J. Haynes*, for appellants.